# 19-37-cr

---

IN THE

**UNITED STATES COURT OF APPEALS**

FOR THE SECOND CIRCUIT

---

UNITED STATES OF AMERICA,
Appellee,

v.

FRANKLIN NUNEZ,
Defendant-Appellant.

---

On Appeal from the United States District Court for the Southern District of New York

---

**BRIEF AND APPENDIX FOR DEFENDANT-APPELLANT FRANKLIN NUNEZ**

---

B. ALAN SEIDLER, ESQ.
Attorney for Defendant-Appellant
580 Broadway
Room 402
New York, New York 10012
212-334-3131

## CONTENTS

| | Page |
|---|---|
| Table of Cases, Statutes & Other Authorities ....... | 3 |
| Appendix Index .................................... | 5 |
| Jurisdictional Statement .......................... | 6 |
| Questions Presented ............................... | 7 |
| Preliminary Statement ............................. | 8 |
| Statement of Facts ................................ | 8 |
| Point One: | |
| Appellant's Sentence of Life Supervised Release Was Unreasonable ............................ | 10 |
| Point Two: | |
| Reservation Issue of Ineffective Assistance of Counsel ................................... | 16 |
| Conclusion ........................................ | 20 |
| Certifications .................................... | 21 |

**TABLE OF AUTHORITIES**

**CASES**


# TABLE OF AUTHORITIES

## CASES



Argersinger v. Hamlin, 407 U.S. 25 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 18

Court]." United States v. Morris, 350 F.3d 32 (2d Cir. 2003) . . . . . . . . . . . . . 1, 19

Gaines v. Hopkins, 575 F.2d 1147 (5th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . 1, 18

Gideon v. Wainwright, 372 U.S. 335 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 18

Maddox v. Lord, 818 F.2d 1058 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . 1, 19

McKenna v. Ellis, 280 F.2d 592 (5th Cir. 1960) modified, 289 F.2d 928, cert. denied, 368 U.S. 877 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 18

Mistretta v. United States, 488 U.S. 361 (1989) . . . . . . . . . . . . . . . . . . . . . . . 1, 14

Powell v. Alabama, 287 U.S. 45 (1932) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 18

Strickland v. Washington, 466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . 1, 19

Tapia v United States, 564 U.S. 319 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14

United States v. Booker, 125 S. Ct. 738 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Crosby, 397 F.3d 103 (2d Cir. 200) . . . . . . . . . . . . . . . . . . . . 1, 15

United States v. Cruz, 785 F.2d 399 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . 1, 19

United States v. Doe, 365 F.3d 150 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . 1, 20

United States v. Ebbers, 485 F.3d 110 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 10

United States v. Frady, 456 U.S. 152 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 19

United States v. Gomez, 31 F.3d 28 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . 1, 12

United States v. Harrison, 451 F.2d 1013 (2d Cir. 1971) . . . . . . . . . . . . . . . . . 1, 17

United States v. Hill, 499 F.3d 152 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . 1, 15

United States v. Iodice, 525 F.3d 179 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . 2, 12

United States v. Khedr, 343 F.3d 96,100 (2d Cir. 2003) . . . . . . . . . . . . . . . . . 2, 19

United States v. Plattner, 330 F.2d 271 (2d Cir. 1964) . . . . . . . . . . . . . . . . . . . 2, 17

United States v. Sash, 396 F.3d 515 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . 2, 12

United States v. Soto, 959 F.2d 1181 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . 11

United States v. Yauri, 559 F.3d 130 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . 2, 20

Von Moltke v. Gillies, 332 U.S. 708 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## APPENDIX INDEX

| | page |
|---|---|
| Judgment | A1 |
| Docket Entries | A7 |
| Notice of Appeal | A15 |
| Violations of Supervised Release | A16 |
| Transcript of Pleading and Sentencing | A26 |

UNITED STATES COURT OF APPEALS

for the SECOND CIRCUIT

------------------------------x

UNITED STATES OF AMERICA

-v-

FRANKLIN NUNEZ,

Appellant.

------------------------------x

**JURISDICTIONAL STATEMENT**

This matter is on direct appeal to the United States Court of Appeals for the Second Circuit from a Judgment of the United States District Court for the Southern District of New York (Sullivan, J.). That Judgment was entered on or about December 20, 2018.

The statutory provisions conferring upon this Court jurisdiction to review said Judgment are Rules 3 and 4(b) of the Federal Rules of Appellate Procedure.

UNITED STATES COURT OF APPEALS

for the SECOND CIRCUIT

-----------------------------------x

UNITED STATES OF AMERICA

-v-

FRANKLIN NUNEZ,

Appellant.

-----------------------------------x

BRIEF FOR APPELLANT NUNEZ

ON APPEAL FROM A JUDGMENT OF THE

UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF NEW YORK

**QUESTIONS PRESENTED**

1. Was Appellant's sentence of Life Supervised Release, and 2 years imprisonment unreasonable?

2. Reservation of Issue of Ineffective assistance of counsel?

IN THE UNITED STATES

COURT OF APPEALS FOR THE

SECOND CIRCUIT

------------------------------------

Docket No. 19-37

------------------------------------

-------------------------------x

UNITED STATES OF AMERICA

-v-

FRANKLIN NUNEZ,

Appellant.

-------------------------------x

**PRELIMINARY STATEMENT**

Appellant appeals from a Judgment entered in the United States District Court for the Southern District of New York (Hon. Richard Sullivan, on or about December 20, 2018, finding him guilty pursuant to the Violation of Supervised Release Report of 8 violations of Supervised Release between 11/19/2017 - 10/14/2018.

Appellant is incarcerated pending appeal.

**STATEMENT OF FACTS**

On August 9, 2013, appellant plead guilty to a conspiracy to distribute and possess with intent to distribute 5 kilograms of cocaine in violation of 21 USC @841(a)(1). On February 28, 2014, appellant was sentenced to a below Guideline sentence of 42 months, and 3 years Supervised Release, after appellant admitted his case involvement resulted from his drug addiction.

On August 9, 2016, appellant was arrested for driving while under the influence [NY VTL @ 1192.02]. District Judge Sullivan then modified the conditions of appellant's Supervised Release to include curfew with electronic monitoring for 60 days. Appellant was also referred to Outreach Development Corporation for substance abuse treatment.

On March 20, 2017, appellant plead guilty said state charges, and as part of his sentence was ordered to install an ignition interlock device in his car.

On November 19, 2017, appellant was arrested for driving while under the influence [NY VTL @ 1192.03], and for driving without an interlock ignition device [NY VTL @ 1198.9D].

On February 22, 2018, appellant admitted to his second set of Supervised Release violations, and while sentencing was adjourned, in the interim appellant ordered to participate in mental health treatment, and a prohibition on driving a motor vehicle.

On June 1, 2018, appellant tested positive for cocaine and marijuana.

On October 14, 2018, appellant was arrested for driving without an ignition interlock device; without a license; and failure to yield the right of way. A bench warrant was issued on November 5, 2018, when appellant did not appear for a scheduled violation hearing before Judge Sullivan. Appellant self surrendered on November 21, 2018, and was remanded. Appellant had voluntarily enrolled in a drug counseling program at Wyckoff

Heights Medical Center, and another such programs between November 5 - 21.

For the total of appellant's violations of Supervised Release appellant's Guideline range was 4-10 months because the most serious underlying offense [driving while intoxicated, NY VTL @ 1192.03] was a Grade B violation. The Government recommended a sentence at the "upper end of he Guidelines" in its sentencing submission dated November 21, 2018. The Probation officer recommended a sentence of more than 10 months incarceration, and at least 1 year of supervised release, and a 6 months inpatient drug treatment [A45].

District Judge Sullivan sentenced appellant to 2 years imprisonment, and Life Supervised Release with inpatient mental health and substance abuse treatment, and a prohibition against driving a motor vehicle without the express consent of the Judge.

Appellant then filed a timely Notice of Appeal.

## POINT ONE: APPELLANT'S SENTENCE OF LIFE SUPERVISED RELEASE & 2 YEARS IMPRISONMENT WAS UNREASONABLE

Standard of Review: All sentences are subject to review for reasonableness. United States v. Booker, 125 S. Ct. 738, 766 (2005). The Court reviews a district court's conclusions of law *de novo.*, its application of the Guidelines on issues of fact for clear error, and its exercise of discretion with respect to departures for abuse of that discretion. United States v.

Ebbers, 485 F.3d 110, 126 (2d Cir. 2006). A sentencing court's findings of facts, such as a finding concerning a defendant's role in criminal activity, "will not be overturned unless clearly erroneous." United States v. Soto, 959 F.2d 1181, 1187 (2d Cir. 1992) (citation and internal quotation marks omitted); accord United States v. Gomez, 31 F.3d 28, 31 (2d Cir. 1994). "A finding is clearly erroneous when [,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Iodice, 525 F.3d 179, 185 (2d Cir. 2008) (quoting United States v. Sash, 396 F.3d 515, 521 (2d Cir. 2005).

Summary of Argument: Appellant's sentence of 24 months incarceration and Life Supervised Release was unreasonable.

Appellant's imprisonment Guideline range was 4-10 months for Specification 1, and 3-9 months for Specifications 2-8.

As per 18 USC @ 3583(h), when a term of Supervised Release is revoked, and a term of imprisonment is then imposed, statutory Supervised Release not to exceed Life can be reimposed as authorized under the original offense, 18 USC @ 3583(k), less any term of imprisonment that was imposed upon revocation of supervised release.

It was the recommendation of Probation in its Request to Amend Violation Specifications that appellant be sentenced on the Specifications to 10 months incarceration, and 1 year of

Supervised Release. At sentencing when Judge Sullivan indicated that he was going to sentence appellant to a more severe sentence Probation Officer Roman changed the Probation Department's recommendation to 2 years incarceration, and "at least one year of supervised release" [A45]. The prosecutor's sentencing letter dated December 13, 2018, recommended to Judge Sullivan that appellant receive a sentence at the upper end of the Guideline range of 4-10 months, and the provision of mental health and substance abuse treatment while in custody, and a new term of supervised release. Nonetheless, after Judge Sullivan indicated he was going to sentence appellant to a more severe sentence AUSA Qian changed the Government's recommendation and stated he did "... not object to a above guidelines period of incarceration, followed by a period of supervised release and all the special conditions that have already been imposed to be imposed again." [A44].

Judge Sullivan then sentenced appellant to 24 months in prison, and Life-time supervised release. The Judge reasoned that the sentence of 42 months in prison imposed in February, 2014, for the offense was a break, and the Judge wanted appellant to receive drug and psychological treatment in prison, and for life on supervised release. The Judge also wanted to warehouse appellant in a prison to protect the public, and obtain treatment. [A57] Consequently, Judge Sullivan required appellant to participate in an inpatient drug treatment program approved by Probation for 6 months, to be followed by outpatient treatment

for the term of supervised release until "probation and treatment providers persuade me that it is no longer necessary." [A59] Judge Sullivan unreasonably placed himself as the ultimate authority on this issue until probation and professional treatment providers convinced this lay-Judge that appellant's treatment was no longer necessary. Further, Judge Sullivan unreasonably sentenced appellant to a life-time Supervised Release term.

Appellant submits it was unreasonable for Judge Sullivan to sentence appellant to an above the guidelines excess sentence of 14 months incarceration so appellant could complete in patient and then outpatient drug treatment in a "controlled environment," and then sentence appellant to supervised release with additional drug treatment for the rest of appellant's life. In Tapia v United States, 564 U.S. 319, 332 (2011) ["Section 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation"] the Supreme Court held that a sentence cannot be lengthened to promote rehabilitation. A Judge may not consider rehabilitation when imposing a term of imprisonment. Mistretta v. United States, 488 U.S. 361 (1989).

Appellant had a long history of mental health issues, addiction issues, and issues relating to the physical and emotional mistreatment of family members by his father. Appellant suffered from depression and suicidal behavior. His depression leads to alcohol and drug use. Appellant has the

support of a loving wife. He sought drug and emotional counseling during his initial term of supervised release, for example at Wyckoff Heights Hospital, First Light Psychological Services, and Arms Acres in 2018. All experts agree appellant's problem is depression. When examined at the Pre Arraignment Screening Unit at Brooklyn Central Booking Correctional Health Services in November, 2017, it was determined appellant suffered from major depression. Appellant struggles. It is not reasonable for Judge Sullivan to sentence appellant to 24 months in prison because he suffers major depression, and needs treatment. It is unreasonable to conclude that appellant's depression is going to be alleviated in a prison, and that appellant should received an above the Guideline sentence so appellant can receive needed treatment in prison.

There was no Presentence Report in connection with these Violation proceedings, and the Court in sentencing Appellant made no specific reference to the previous Presentence Report. A judge has a general obligation to "state in open court the reasons for its imposition of the particular sentence." 18 USC @ 3553©. The Judge did not provide the reasons why it imposed Life Supervised Release in the written Judgment. See, United States v. Hill, 499 F.3d 152, 154-55 (2d Cir. 2008). There was no Guideline level fixed for re-imposition of Supervised Release after a guilty plea to a violation of that Supervised Release. While there is no requirement of "robotic incantations" that prove consideration of all of the @3553(a) factors, the reasons

for a sentence must be stated with enough specificity to enable the court of appeals to fulfill its responsibility to review sentences for reasonableness. United States v. Crosby, 397 F.3d 103, 116 (2d Cir. 200).

In sentencing appellant the District Court should first consider the factors set forth in 18 USC @ 3553(a). The statute provides that the sentencing "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and the statute then sets forth 7 specific considerations:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

C) to protect the public from further crimes of the defendant;

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of services available;

(4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Relatedly, appellant submits Life Supervised Release was an unreasonable sentence for this 40 year old. Unreasonably, the Judge's concern at sentencing was to protect appellant from his own emotional depression expressed through alcohol and drug consumption. The specific rehabilitative medical needs of appellant addressed through a terms of reasonable duration were swept aside in favor of the maximum possible sentence.

POINT TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

Standard of Review: Ineffective assistance of counsel should be reviewed de novo.

Summary of Argument: Appellant seeks to reserve the right to bring a collateral @2255 proceeding to raise issues, and develop the case record on ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution provides for an accused's right to counsel:

> "in all criminal prosecutions, the accused shall enjoy the right ..... to have the assistance of counsel for his

defence."

The right to such assistance in a criminal prosecution means the right to assistance at every stage of the proceeding. United States v. Harrison, 451 F.2d 1013 (2d Cir. 1971); Von Moltke v. Gillies, 332 U.S. 708, 723-24 (1968); United States v. Plattner, 330 F.2d 271, 274 (2d Cir. 1964). That right is amplified by Rule 44 of the Federal Rules of Criminal Procedure which states in section "(a)" thereof:

> "Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent that defendant at every stage of the proceedings from initial appearance before the federal magistrate or the court through appeal, unless the defendant waives such appointment."

The importance of the Sixth Amendment right to counsel is highlighted by decisions in Argersinger v. Hamlin, 407 U.S. 25, 31-6 (1972), and Gideon v. Wainwright, 372 U.S. 335, 343-45 (1963). The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard with the assistance of counsel. A defendant requires the guiding hand of counsel at every step in the proceeding against him. Powell v. Alabama, 287 U.S. 45, 68-69 (1932). Like all constitutional guarantees, the right to counsel is more than an illusory promise; it is the right to the effective assistance of counsel.

See, e.g., Gaines v. Hopkins, 575 F.2d 1147 (5th Cir. 1978) [failure of court appointed attorney to investigate the defendant's case deprived defendant of effective assistance of counsel]; McKenna v. Ellis, 280 F.2d 592, 599 (5th Cir. 1960) modified, 289 F.2d 928, cert. denied, 368 U.S. 877 (1961) [failure of court appointed attorney to interrogate witnesses and assure presence of witnesses at trial deprived defendant of effective assistance of counsel].

The standard for deciding whether a claim of ineffective assistance of counsel amounts to constitutional deprivations, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. It is whether the deficient performance of counsel prejudiced the defendant. A defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outctom. Strickland v. Washington, 466 U.S. 668, 694 (1984); United States v. Cruz, 785 F.2d 399 (2d Cir. 1986). A defendant must show that counsel's performance was deficient, and that deficient performance prejudiced the defense. Maddox v. Lord, 818 F.2d 1058 (2d Cir. 1987). "Prejudice" is defined as an error that works to the actual and substantial disadvantage of a party, infecting the entire proceeding with error of constitutional magnitude. United States v. Frady, 456 U.S. 152 (1982).

It has been decided that when confronted with an ineffective assistance of counsel claim raised for the first time on direct appeal, the Court "may" do any of three things: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 USC @2255; (2) remand the claim to the district court for necessary fact finding; or (3) decide the claim on the record before [the Court]." United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003). If "resolution is beyond any doubt" or adjudicating the claim "would be in the interest of justice," deciding the issue on direct appeal is appropriate. United States v. Khedr, 343 F.3d 96,100 (2d Cir. 2003) (internal quotation marks omitted). But if the factual record on appeal is insufficiently developed, "a collateral proceeding under 18 USC @2255 is the preferred method for such a challenge." United States v. Yauri, 559 F.3d 130, 133 (2d Cir. 2009) (citing United States v. Doe, 365 F.3d 150, 152 (2d Cir. 2004).

Here, appellant seeks to protect the post judgment record, but agrees that insufficient facts of ineffective assistance of counsel appear in the present case record. Appellant submits that ineffectively his attorney instructed him to plead guilty to Specifications of driving with a suspended license, and driving without an interlock device even though appellant was not guilty of those charges, and even though appellant was fighting those charges in the NYS case proceedings. Counsel told appellant that by pleading guilty it would

demonstrate to Judge Sullivan that he "honestly" was accepting responsibility for my conduct. Appellant also agreed for his attorney to continue to represent him before Judge Sullivan even though appellant did not know of the extent of the issues facing the attorney in the federal court system, and what fully transpired in the conference between Judge Sullivan and the attorney prior to appellant's sentencing.

If the direct appeal outcome warrants it, appellant seeks this Court's permission to bring a timely collateral @2255 proceeding to raise issues, and complete the case record.

**CONCLUSION**

For the foregoing reasons Appellant's judgment of conviction should be vacated, alternately Appellant should be resentenced, and such other relief granted to appellant as the Court deems proper.

Dated: May 8, 2019.

Submitted by,

---------------------------

B. ALAN SEIDLER
Attorney for Appellant
580 Broadway
New York, NY 10012
212-334-3131

To: Office of the United States Attorney
for the Southern District of New York

CERTIFICATION

1. The Word Count herein is 3417.

2. A virus check has been performed on the PDF filing, and the hard copies of the brief. The virus software is McAfee.

CERTIFIED TO,

B. ALAN SEIDLER, attorney for appellant Nunez.