**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty.

PRESENT: DENNIS JACOBS,
GUIDO CALABRESI,
DENNY CHIN,
*Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
*Appellee*,

-v- 19-37-cr

FRANKLIN NUNEZ, aka FRANK,
*Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE: NI QIAN, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States

Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT: B. ALAN SEIDLER, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-appellant Franklin Nunez appeals from a December 20, 2018 judgment of the district court revoking his term of supervised release and sentencing him to 24 months' imprisonment and an additional term of supervised release of life. On appeal, Nunez makes two arguments: (1) his sentence was both procedurally and substantively unreasonable and (2) he was deprived of his Sixth Amendment right to effective assistance of counsel. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On August 9, 2013, Nunez pled guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, pursuant to 21 U.S.C. § 846. Nunez was sentenced to 42 months' imprisonment on February 28, 2014, a downward departure from the Guidelines range of 70-87 months. He was given

a three-year term of supervised release, which included the standard condition that he could not commit a federal, state, or local crime of any kind. When reviewing this condition at sentencing, the district court provided examples of crimes that would result in a violation, specifically noting, *inter alia*, that Nunez was not to "[d]riv[e] while impaired." D. Ct. Dkt. No. 17. Nunez was released from prison on February 24, 2016, and his supervision commenced.

Less than six months later, Nunez was arrested for driving under the influence ("DUI") after the car he was driving collided with two vehicles. At a revocation hearing, the district court modified the terms of Nunez's supervised release to include a curfew and temporary electronic monitoring, but it did not revoke his supervised release. Nunez later pled guilty to state charges that stemmed from his DUI arrest, and he was ordered by New York State to install an ignition interlock device in his car that required him to pass a breathalyzer test to turn on his vehicle. Despite this requirement, on November 19, 2017, Nunez got into another accident while DUI, and he was charged with fleeing the scene. At a hearing before the district court on February 22, 2018, Nunez admitted to the five specifications stemming from his two driving incidents, and the district court again modified the terms of his supervised release, this time to include a complete ban on driving. The court adjourned sentencing, however, for 90 days to allow for the resolution of Nunez's November 2017 state case.

Due to several additional adjournments, sentencing did not take place until December 20, 2018. By then, Nunez had tested positive for cocaine and marijuana, and been arrested for a third time on October 14, 2018, for driving without a license and driving without installation of an ignition interlock device. His October arrest violated the term of his supervised release that prohibited him from driving. The district court had ordered a hearing for November 5, 2018, but Nunez failed to appear. After the district court issued a bench warrant, Nunez appeared in court and admitted to the three additional specifications stemming from his October 14, 2018 arrest. In its sentencing letter, the government recommended a sentence at the upper end of the Guidelines range, which was four to 10 months, and a term of supervised release that "would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing." D. Ct. Dkt. No. 39. At sentencing, the government noted that it was permissible for the court to impose a life term of supervised release, and it did not object to an above-Guidelines term of imprisonment. Probation initially recommended a 10-month sentence with one year of supervised release. When the district court noted that it was inclined to impose a longer term of imprisonment, Probation concurred.

At sentencing, the district court emphasized its disappointment with Nunez's repeated disregard for the terms of his supervised release, noted the importance of maintaining respect for the court, and expressed concern about Nunez putting others in jeopardy when he drives. Nunez's attorney explained that when

Nunez is depressed he uses drugs and alcohol, and he gets behind the wheel without considering the consequences. He noted that Nunez "will continue to have that problem," which may not be "curable" or resolvable. App'x at 40. In the end, as noted, the district court sentenced Nunez to 24 months' imprisonment and a life term of supervised release.

***1. Reasonableness of Sentence***

"The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). "We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (internal quotation marks omitted). While we generally apply plain error review where a defendant did not object to the sentence during the sentencing proceeding, *Unites States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam), because "[w]e have not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence," *Thavaraja*, 740 F.3d at 258 n.4, here we apply the less deferential abuse-of-discretion standard.

On appeal, Nunez challenges both the two-year term of imprisonment and life term of supervised release imposed by the district court. We review each in turn.

*a.* *Two Years' Imprisonment*

If a defendant is on supervised release because he was convicted of a Class A felony, the maximum term of imprisonment that may be imposed for violating supervised release is five years. 18 U.S.C. § 3583(e)(3). When setting the term of imprisonment, the district court must consider several factors, among which are "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B); and the need to "protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C).

We conclude that the district court did not abuse its discretion in setting Nunez's terms of imprisonment. Nunez was originally convicted of a Class A felony, and so the district court could have imposed up to a five-year prison sentence after revoking Nunez's supervised release. The court imposed an above-Guidelines sentence of two years, which was based, *inter alia*, on Nunez's repeated disregard for the terms of his supervised release and dangerous behavior that threatened the safety of others. Though the term of imprisonment was substantially above the Guidelines recommendation, it was reasonable in the circumstances here.

*b.* *Life Term of Supervised Release*

If the court revokes a defendant's term of supervised release, it may impose a new term of supervised release to follow the defendant's release from prison,

provided that term does "not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." 18 U.S.C. § 3583(h). In the circumstances here, the maximum term of supervised release following Nunez's drug trafficking conviction is life. *See United States v. Brooks*, 889 F.3d 95, 99 (2d Cir. 2018) (per curiam) (noting that when there is no maximum term of supervised release accompanying the underlying offense, district courts may impose a life term of supervised release).

Imposing a life term of supervised release is "an extreme and unusual remedy" that is, "to some degree, at odds with the rehabilitative purpose of supervised release, as it presumes that the need for supervision will never end and that the defendant is essentially incorrigible." *Id.* at 101. Thus, we have held, based on 18 U.S.C. §§ 3553(c) and 3553(a)(6), that there must be "a significant justification" to impose a life term of supervised release. *Id.* at 102. In *Brooks*, we overturned such a term that was imposed following a defendant's first revocation because it was based on non-violent violations. *Id.* at 102-03 (noting defendant's "violations of supervised release center[ed] on a drug habit that he [was] unable . . . to kick"). There, the district court did not distinguish why the particular defendant -- as compared to "many other recidivist defendants in his position" -- deserved a life term of supervised release. *Id.* at 103. Accordingly, we vacated and remanded to give the district court a chance to explain why it imposed a life term. *Id.*

We conclude that the district court here did not sufficiently explain why Nunez deserved a life term of supervised release. Like in *Brooks*, this was Nunez's first revocation (although for multiple violations), and it was predicated on offenses related to alcohol or substance abuse. *See id.* at 103. Indeed, the district court noted that Nunez's "real problem" is "substance abuse," App'x at 56, and Nunez's counsel admitted Nunez may not be "curable," App'x at 40. The court did not, however, explain why Nunez is so different from other recidivist defendants in his position that he needs a life term of supervised release. While we do not decide whether a life term of supervised release is substantively unreasonable, it is unclear from the record why such a term was imposed in this instance when a shorter term might have been sufficient to serve the needs of justice. For these reasons, we VACATE the term of supervised release and REMAND for the district court to reconsider the term of supervised release and, in particular, whether there is a "significant justification" for a life term of supervised release.

**2. Ineffective Assistance of Counsel**

There is a preference for hearing claims for ineffective assistance of counsel at the trial level to allow the record to be fully developed. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Thus, when a defendant makes an ineffective assistance of counsel claim on direct appeal, we have three options: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). If the record is sufficient to allow us to make a determination, the appellant must show his attorney's representation was objectively unreasonable and a reasonable probability that there would have been a different result but-for his attorney's deficient representation. *Strickland v. Washington*, 466 U.S. 668, 693-94 (1984).

Here, Nunez argues that his attorney was ineffective for two reasons. First, Nunez claims his attorney convinced him to admit to two specifications he "was not guilty of" -- driving with a suspended license and driving without an interlock device. Appellant's Br. at 19. Second, Nunez contends he did not understand the personal trouble his attorney was facing during the time he represented Nunez. The record on appeal is insufficient for us to resolve these claims. It is unclear how or why, for example, Nunez's attorney convinced him to admit to the two specifications, and the record does not indicate whether Nunez was ultimately convicted of these acts in state court. Accordingly, we decline to resolve this issue on direct appeal and leave it to Nunez to raise these claims in a § 2255 motion.

*   *   *

We have considered Nunez's remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk